FILED
2016 MAR -3 PM 1:49
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY

*lodged Proposed order*

CAROLINE WILSON PALOW (SBN 241031)
  caroline@privacyinternational.org
SCARLET KIM
  scarlet@privacyinternational.org
PRIVACY INTERNATIONAL
62 Britton Street
London EC1M 5UY
United Kingdom
Telephone: +44.20.3422.4321

Attorneys for
Proposed *Amici Curiae*
PRIVACY INTERNATIONAL
HUMAN RIGHTS WATCH

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF AN APPLE IPHONE SEIZED DURING THE EXECUTION OF A SEARCH WARRANT ON A BLACK LEXUS IS300, CALIFORNIA LICENSE PLATE 35KGD203 | ED No. CM 16-10 (SP)<br><br>**APPLICATION FOR LEAVE TO FILE BRIEF OF *AMICI CURIAE* PRIVACY INTERNATIONAL AND HUMAN RIGHTS WATCH**<br><br>**Hearing:**<br>Date: March 22, 2016<br>Time: 1:00 p.m.<br>Place: Courtroom 3 or 4<br>Judge: Hon. Sheri Pym |

# APPLICATION FOR LEAVE TO FILE BRIEF OF *AMICI CURIAE*

Proposed *amici curiae* Privacy International and Human Rights Watch ("HRW") respectfully request leave to file the attached Brief of *Amici Curiae* in the above-captioned matter. Counsel for *amici curiae* have contacted Apple Inc. and the government; the parties have indicated that they do not oppose this application.

## I. Standard for Leave to File *Amicus Curiae* Brief

District courts have "broad discretion to appoint amici curiae." *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982). Indeed, "[d]istrict courts frequently welcome amicus briefs from nonparties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) (internal citations and quotation marks omitted). In determining whether to accept an amicus brief, "[t]he touchstone is whether the amicus is 'helpful'." *California v. U.S. Dep't of Labor*, 2014 U.S. Dist. LEXIS 5439, at *3 (E.D. Cal. Jan. 14, 2014) (quoting *Hoptowit*, 682 F.2d at 1260). There exists "no rule . . . that amici must be totally disinterested." *Hoptowit*, 682 F.2d at 1260.

## II. Interests of *Amici Curiae*

Privacy International is a nonprofit, non-governmental organization based in London dedicated to defending the right to privacy around the world. Established in 1990, Privacy International undertakes research and investigations into state and corporate surveillance with a focus on the technologies that enable these practices. It has litigated or intervened in cases implicating the right to privacy in the courts of the United States, the United Kingdom ("UK") and Europe, including the European Court of Human Rights. To ensure universal respect for the right to privacy, Privacy International advocates for strong national, regional and

international laws that protect privacy. It also strengthens the capacity of partner organizations in developing countries to do the same.

HRW has been reporting on abuses connected to the practice of state surveillance since its inception more than three decades ago as Helsinki Watch, with particular focus on mass surveillance practices since 2013. HRW's reports detail abuses of rights connected to surveillance around the globe (for example, in Ethiopia, China, Saudi Arabia, and the US), and its advocacy involves legal analysis and submissions on the various legal authorities (actual or proposed) for surveillance practices to the relevant bodies of the United Nations ("UN"), the U.S., the UK, the UN High Commissioner for Human Rights, the Special Rapporteur for Freedom of Expression, as well as comment and analysis on the laws of many other countries in respect of these issues.

Privacy International and HRW's brief brings a unique comparative and global perspective to this case, focusing on its potential international legal ramifications. The majority of digital communications travel the world over in a matter of seconds and new technologies proliferate rapidly in diverse societies. A full understanding of privacy issues in the digital age therefore requires a global perspective, which Privacy International and HRW are uniquely suited to provide in this case. This perspective is informed by Privacy International and HRW's research, advocacy, and capacity-building on the ground across many countries in every region of the world. This work feeds into Privacy International and HRW's regular representations to governments, regional bodies like the European Union, and the UN on the global state of privacy.

This case will have far-reaching implications for the security of communications of millions of individuals around the world and particularly for certain vulnerable groups. Communications security tools, especially encryption, protect privacy in addition to other fundamental rights enshrined in the US Constitution and international instruments, such as freedom of speech. While these

protections are important for everyone, they are especially critical to protect journalists, human rights defenders, political activists, and others whose communications are particularly sensitive. Governments in many other countries – both democratic and authoritarian – may seek to compel Apple and other technology companies to assist their law enforcement and intelligence agencies by weakening those protections. The outcome of this case could make it easier for them to do so.

In the brief, Privacy International and HRW draw on their comparative and global expertise to unpack the international implications of this case. In particular, the brief describes how other governments seek the power to compel companies to undermine the security of their products and services, including through hacking and weakening encryption. It also illustrates the civil and human rights abuses that can – and have – occurred when governments are permitted to exercise such powers.

Counsel for *amici curiae* state that no counsel for a party in this matter authored this brief in whole or in part, and no person other than *amici curiae* or their counsel made a monetary contribution to its preparation or submission.

### III. Conclusion

For the foregoing reasons, proposed *amici curiae* Privacy International and HRW respectfully request that this Court grant their application to file the attached Brief of *Amici Curiae*.

Dated: March 3, 2016

Respectfully submitted,

By /s/ Caroline Wilson Palow

Caroline Wilson Palow (SBN 241031)
Scarlet Kim
PRIVACY INTERNATIONAL
62 Britton Street
London EC1M 5UY
United Kingdom
Telephone: +44.20.3422.4321
caroline@privacyinternational.org

Attorneys for Proposed *Amici Curiae*
Privacy International and
Human Rights Watch

# PROOF OF SERVICE

I am a citizen of the United States of America and employed in London, the United Kingdom. I am over the age of 18 and not a party to the within action. My business address is Privacy International, 62 Britton Street, London EC1M 5UY, United Kingdom.

On March 3, 2016, I caused to be served through mail (FedEx) and/or e-mail on each person on the attached Service List the foregoing document described as:

**APPLICATION FOR LEAVE TO FILE BRIEF OF *AMICI CURIAE* PRIVACY INTERNATIONAL AND HUMAN RIGHTS WATCH**

**Service List**

| Service Type | Counsel Served | Party |
|---|---|---|
| E-mail* | **Theodore J. Boutrous, Jr.**<br>**Nicola T. Hanna**<br>**Eric D. Vandevelde**<br>Gibson, Dunn & Crutcher LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197<br>Telephone: (213) 229-7000<br>Facsimile: (213) 229-7520<br>Email: tboutrous@gibsondunn.com<br>          nhanna@gibsondunn.com<br>          evandevelde@gibsondunn.com | Apple, Inc. |
| E-mail* | **Theodore B. Olson**<br>Gibson, Dunn & Crutcher LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, D.C. 20036-5306<br>Telephone: (202) 955-8500<br>Facsimile: (202) 467-0539<br>Email: tolson@gibsondunn.com | Apple, Inc. |
| E-mail* | **Marc J. Zwillinger**<br>**Jeffrey G. Landis**<br>Zwillgen PLLC | Apple, Inc. |

|  | 1900 M Street N.W., Suite 250<br>Washington, D.C. 20036<br>Telephone: (202) 706-5202<br>Facsimile: (202) 706-5298<br>Email: marc@zwillgen.com<br>jeff@zwillgen.com |  |
|---|---|---|
| Mail & E-mail | **Eileen M. Decker**<br>**Patricia A. Donahue**<br>**Tracy L. Wilkison**<br>**Allen W. Chui**<br>1500 United States Courthouse<br>7312 North Spring Street<br>Los Angeles, California 90012<br>Telephone: (213) 894-0622/2435<br>Facsimile: (213) 894-8601-7520<br>Email: Tracy.Wilkison@usdoj.gov<br>Allen.Chiu@usdoj.gov | United States of America |

\*Apple, Inc. has consented in writing to service by electronic means in accordance with Federal Rule of Civil Procedure 5(b)(E), Local Civil Rule 5-3.1.1, and Local Criminal Rule 49-1.3.2(b).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I have made service at the direction of a member of the bar of this Court.

Executed on March 3, 2016 in London, United Kingdom

*/s/ Sara Nelson*
_____
Sara Nelson