1  Michael M. Maddigan (Bar No. 163450)
   HOGAN LOVELLS US LLP
2  1999 Avenue of the Stars, Suite 1400
   Los Angeles, California 90067
3  Telephone: (310) 785-4600
   Facsimile: (310) 785-4601
4  michael.maddigan@hoganlovells.com

5  Neal Kumar Katyal (*pro hac vice* application forthcoming)
6  HOGAN LOVELLS US LLP
   555 Thirteenth Street, N.W.
7  Washington, D.C. 20004
   Telephone: (202) 637-5600
8  Facsimile: (202) 637-5910
   neal.katyal@hoganlovells.com
9

10 Attorneys for *Amici Curiae*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF AN APPLE IPHONE SEIZED DURING THE EXECUTION OF A SEARCH WARRANT ON A BLACK LEXUS IS300, CALIFORNIA LICENSE PLATE 35KGD20 | ED No. CM 16-10 (SP)<br><br>**APPLICATION OF AMAZON.COM, BOX, CISCO SYSTEMS, DROPBOX, EVERNOTE, FACEBOOK, GOOGLE, MICROSOFT, MOZILLA, NEST, PINTEREST, SLACK, SNAPCHAT, WHATSAPP, AND YAHOO TO PARTICIPATE AS *AMICI CURIAE* IN SUPPORT OF APPLE, INC.**<br><br>Date: March 22, 2016<br>Time: 1:00 p.m.<br>Place: Courtroom 3 or 4<br>Judge: Honorable Sheri Pym |

FILED
2016 MAR -3 PM 3:20
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY ___

BY FAX

Amazon.com, Box, Cisco Systems, Dropbox, Evernote, Facebook, Google, Microsoft, Mozilla, Nest, Pinterest, Slack, Snapchat, WhatsApp, and Yahoo apply for leave to participate as *amici curiae* in support of Apple, Inc. in this matter. In support, applicants state:

1. The government has moved under the All Writs Act to compel Apple to create software that will bypass the security features of an iPhone recovered by the government. The government's application raises important legal questions regarding whether the All Writs Act authorizes the government's request and the relationship between the All Writs Act and security features on electronic devices more generally.

2. District courts have the inherent authority to permit non-parties to participate as *amici curiae* in a case, and have broad discretion in deciding whether to permit *amicus* briefs. *See Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982). Generally speaking, "courts have exercised great liberality in permitting an amicus curiae to file a brief in a pending case." *In re Roxford Foods Litigation*, 790 F. Supp. 987, 997 (E.D. Cal. 1991) (quoting *United States v. Louisiana*, 751 F. Supp. 608, 620 (E.D. La. 1990)). A brief will typically be accepted if it is "timely and useful." *Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 846 (D.D.C. 1996). Applicants' brief is both.

3. First, applicants' brief is timely because it is being filed on March 3, 2016, the date set for *amicus* submissions in the Court's February 19, 2016 scheduling order. Dkt. No. 10.

4. Second, applicants' brief is useful. Applicants are leading technology companies, and their brief discusses why the government's request is unsupported by the case law, unduly burdensome to technology companies like applicants, and practically harmful for American consumers. The Court will benefit from the unique perspective offered by applicants' brief.

5. We have conferred with counsel for Apple and the government regarding this application. Both have consented to applicants' participation as *amici curiae*.

For the foregoing reasons, the application should be granted.

Dated: March 3, 2016

Respectfully submitted,

HOGAN LOVELLS US LLP

By: _____
Michael M. Maddigan
Attorney for *Amici Curiae*