

ALAN J. BUTLER, SBN 281291
 butler@epic.org
MARC ROTENBERG
AIMEE THOMSON
ELECTRONIC PRIVACY INFORMATION CENTER
1718 Connecticut Avenue NW, Suite 200
Washington, DC 20009
Telephone: 202.483.1140
Facsimile: 202.483.1248

Attorneys for the Electronic Privacy Information Center
*Amicus Curiae*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF AN APPLE IPHONE SEIZED DURING THE EXECUTION OF A SEARCH WARRANT ON A BLACK LEXUS IS300, CALIFORNIA LICENSE PLATE 35KGD203 | ED No. CM 16-10 (SP)<br>**NOTICE OF MOTION AND MOTION OF ELECTRONIC PRIVACY INFORMATION CENTER (EPIC) AND EIGHT CONSUMER PRIVACY ORGANIZATIONS FOR LEAVE TO FILE AN *AMICUS CURIAE* BRIEF.**<br><br>**Hearing:**<br>Date: March 22, 2016<br>Time: 1:00 p.m.<br>Place: Courtroom 3 or 4<br>Judge: Hon. Sheri Pym |

1  **Motion of EPIC to File *Amicus* Brief**
   **Case No. CM 16-10 (SP)**

The Electronic Privacy Information Center ("EPIC"), by and through undersigned counsel, hereby files this Motion for Leave to File a Brief *Amicus Curiae*. In support thereof, EPIC submits the following:

1. On February 16, 2016, this Court issued an Order compelling Apple, Inc. to provide extraordinary assistance to the Federal Bureau of Investigation by providing a software file or other technical means to accomplish three specific functions: (1) to "bypass or disable the auto-erase function whether or not it is enabled," (2) to "enable the FBI to submit passcodes" electronically, and (3) to ensure that "software running on the device will not purposefully introduce any additional delay between passcode attempts beyond what is incurred by Apple hardware." On February 25, 2016, Apple filed a Motion to Vacate the Order.

2. This Order implicates substantial consumer privacy interests, closely tied to the problems of data breach, financial fraud, and identity theft.

3. EPIC is a public interest research center in Washington, D.C., established in 1994 to focus public attention on emerging privacy and civil liberties issues.[1] EPIC was specifically established to advocate for the use of strong encryption technology and for the development of related Privacy Enhancing Technologies. EPIC led the effort in the United States in the 1990s to support strong encryption tools and played a key role in the development of the international framework for cryptography policy that favored the deployment of strong security measures to safeguard personal information. EPIC also published the first comparative studies of international

---

[1] About EPIC, https://epic.org/epic/about.html.

encryption policy. *See* EPIC, *Cryptography and Liberty 1998: An International Survey of Encryption Policy* (1998).

4. The Center for Digital Democracy ("CDD") is one of the leading consumer protection and privacy organizations in the United States. Since its founding in 2001, CDD has been at the forefront of research, public education, and advocacy protecting consumers in the digital age.[2]

5. Constitutional Alliance is privately funded nonpartisan non-profit organization whose stated mission is "preserve state and national sovereignty, and the unalienable rights to life, liberty, and the pursuit of happiness as pronounced in the Declaration of Independence and protected under the Bill of Rights of the United States of America."

6. Consumer Action empowers underrepresented consumers nationwide to assert their rights in the marketplace and financially prosper through multilingual financial education materials, community outreach, and issue-focused advocacy.[3]

7. Consumer Watchdog is a nonprofit organization dedicated to educating and advocating on behalf of consumers for over 25 years. Its mission is to provide an effective voice for the public interest. Consumer Watchdog's programs include health care reform, oversight of insurance rates, energy policy, protecting privacy rights, protecting legal rights, corporate reform, and political accountability.[4]

8. Patient Privacy Rights ("PPR") works to empower individuals and prevent widespread discrimination based on health information using a grassroots, community

---

[2] Center for Digital Democracy, https://www.democraticmedia.org/.
[3] Consumer Action, http://www.consumer-action.org/.
[4] Consumer Watchdog, http://www.consumerwatchdog.org/.

3    **Motion of EPIC to File *Amicus* Brief**
     **Case No. CM 16-10 (SP)**

organizing approach. PPR educates consumers, champions smart policies, and exposes and holds industry and the government accountable.[5]

9. The Privacy Rights Clearinghouse ("PRC") is a nonprofit consumer education and advocacy organization based in San Diego, California. Established in 1992, the PRC focuses on consumers' rights and interests relating to informational privacy, answers individual consumer inquiries, and maintains a robust website of practical privacy protection tips.[6]

10. Privacy Times provides accurate reporting, objective analysis and thoughtful insight into the events that shape the ongoing debate over privacy and Freedom of Information.[7]

11. This case concerns the security and reliability of the Apple iPhone, a device used by millions of consumers in the United States (and worldwide). Consumers rely on the iPhone's security features to protect their most sensitive personal data, including private communications, photographs, bank account records, medical records, and log-in credentials. One of the single greatest threats facing iPhone users today is that criminals will gain access to the personal information stored on their devices. If Apple were to create software that disables or circumvents these security features, it would undermine the security of all iPhone users, and put at risk the personal information stored on nearly 100 million iPhones in the United States.

12. Federal courts have previously granted EPIC leave to file *amicus* briefs in many other consumer privacy cases. *See, e.g., In re Nickelodeon Consumer Privacy*

---

[5] Patient Privacy Rights, https://patientprivacyrights.org/.
[6] Privacy Rights Clearinghouse, https://www.privacyrights.org/.
[7] Privacy Times, http://www.privacytimes.com/.

*Litig.*, No. 15-1441 (3d Cir. filed May 4, 2015) (addressing the definition of personally identifiable information as applied to Internet addresses and other unique persistent identifiers); *Gordon v. Softech Int'l*, 726 F.3d 42 (2d Cir. 2012) (arguing that resellers of driver records should be strictly liable for downstream misuses); *Joffe v. Google, Inc.*, 729 F.3d 1262 (9th Cir. 2013) (arguing that wi-fi communications are protected by the Wiretap Act), *amended and superseded on reh'g*, 746 F.3d 920 (9th Cir. 2013); *In re Google Inc. St. View Elec. Commc'ns Litig.*, 794 F. Supp. 2d 1067 (N.D. Cal. 2011) (same), *aff'd sub nom. Joffe v. Google, Inc.*, 729 F.3d 1262 (9th Cir. 2013). EPIC has also filed *amicus* briefs in other federal cases, including cases before the United States Supreme Court, concerning consumer privacy and data protection. *See, e.g., Spokeo v. Robins*, 135 S. Ct. 1892 (2015) (arguing that the violation of a consumer's privacy rights under the Fair Credit Reporting Act constitutes an injury-in-fact sufficient to confer Article III standing); *Smith v. LexisNexis Screening Solutions, Inc.*, Nos. 15-2329 & 15-2330 (6th Cir. filed Feb. 29, 2016) (arguing that data brokers should be liable when they mismatch records in employment background check reports); *ACA Int'l v. FCC*, No. 15-1211 (D.C. Cir. filed Jan. 22, 2016) (defending an order interpreting the Telephone Consumer Protection Act by arguing that the widespread adoption of cell phones has magnified the harm of unwanted communications); *FTC v. Wyndham Hotels & Resorts, LLC*, 799 F.3d 236 (3d Cir. 2015) (arguing that regulation of data security practices is necessary to protect consumers from identity theft and fraud).

13. Federal district courts have inherent authority to permit a non-party to participate as an *amicus curiae* in a case, and have broad discretion in deciding

whether to permit such participation. *E.g. Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir.1982), *abrogated on other grounds, Sandin v. Conner*, 515 U.S. 472 (1995); *Missouri v. Harris*, No. 2:14-CV-00341, 2014 WL 2987284, at *2 & n.1 (E.D. Cal. July 1, 2014); *Am. Humanist Ass'n v. Maryland-Nat'l Capital Park & Planning Comm'n*, 303 F.R.D. 266, 269 (D. Md. 2014); *Inst. of Med. Educ., Inc. v. W. Ass'n of Sch. & Colleges*, No. 11-CV-05755, 2013 WL 6672443, at *3 (N.D. Cal. Dec. 18, 2013); *Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 846 (D.D.C. 1996). Courts typically permit *amicus* filings where the information provided is "timely and useful." *Ellsworth*, 917 F. Supp. at 846. The attached Brief of *Amicus Curiae* EPIC and Eight Consumer Privacy Organizations satisfies both of these elements.

14. First, the EPIC *Amicus* Brief has been timely filed. On February 19, 2016, the Court issued a Scheduling Order in this matter, specifying that "any amicus brief shall be filed not later than March 3, 2016, along with any appropriate request seeking leave of the Court to file such brief."

15. Second, the EPIC *Amicus* Brief provides information that is useful to the Court's consideration of Apple's Motion to Vacate. This case implicates the security of a computing device that is used by millions of consumers to store and protect personal information and to gain access to other secure systems. The EPIC *Amicus* Brief makes clear the substantial risk to consumers if these techniques are altered or diminished as the FBI has urged.

16. Pursuant to the Central District of California's Local Civil Rules L.R. 7-19 and 7-19.1, EPIC has contacted both parties regarding this motion, and neither objects to EPIC's participation as *amicus curiae*.

Wherefore, EPIC requests that the Court grant this Motion and allow EPIC to participate as *amicus curiae* by submitting the attached Brief of *Amicus Curiae*.

Dated: March 3, 2016

Respectfully submitted,

By: /s/ *Alan J. Butler*
ALAN J. BUTLER

Marc Rotenberg
Aimee Thomson
Electronic Privacy Information Center
1718 Connecticut Avenue, N.W.
Washington, D.C. 20009
(202) 483-1140 (telephone)
(202) 483-1248 (facsimile)
*Attorneys for Amicus Curiae*