**MICHAEL A. RAMOS**
**DISTRICT ATTORNEY**
**SAN BERNARDINO COUNTY**

GARY R. FAGAN
Chief Deputy District Attorney (California Bar Number 76356)
303 West Third Street
San Bernardino, California 92315-004
Telephone: (909) 382- 7766
Facsimile: (909) 748-1376
Email: Gfagan@sbcda.org

Attorney for the People of the State of California

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF AN APPLE IPHONE SEIZED DURING THE EXECUTION OF A SEARCH WARRANT ON A BLACK LEXUS IS300, CALIFORNIA LICENSE PLATE 35KGD203 | ED No. CM 16-10-SP<br><br>SAN BERNARDINO COUNTY DISTRICT ATTORNEY'S APPLICATION TO PARTICIPATE AS AMICUS CURIAE<br><br>Hearing Date: March 22, 2016<br>Time: 1:00 p.m.<br>Place: Courtroom 3 or 4<br>Judge: Hon. Sheri Pym |

The District Attorney of San Bernardino County, California, attorney for the People of the State of California, respectfully submits this Ex Parte application for an order granting it leave to participate as <u>amicus curiae</u> in this matter to file a brief in support of the *United States of America's Ex Parte Order To Compel Apple, Inc. To Assist Agents In Search*. A copy of the District

1

Attorney's proposed brief is attached to this motion. In support thereof, the People of the State of California, through their attorney, the District Attorney of the County of San Bernardino submit the following:

## I
## CONSENT TO FILE AMICUS CURIAE BRIEF

The San Bernardino County District Attorney, on behalf of his client, The People of the State of California, have requested and acquired the consent of the United States Government and Apple, Inc. to participate as Amicus Curiae and to file the attached brief in this matter.

## II
## INTEREST OF THE DISTRICT ATTORNEY AND THE PEOPLE OF THE STATE OF CALIFORNIA AS AMICUS CURIAE

The San Bernardino County District Attorney and his client, The People of the State of California, have a compelling governmental interest in acquiring any evidence of criminal conduct, additional perpetrators, potential damage to the infrastructure of San Bernardino County, and in protecting the California Constitutionally guaranteed due process rights of the victims, deceased and living, arising from state crimes committed on December 2, 2015 within his jurisdiction and contained solely on the seized iPhone before the court. The People of the State of California, through its attorney, the District Attorney of San Bernardino County assert that he is best prepared explain and demonstrate to the Court that these interests outweigh any alleged interests that Apple, Inc. asserts.

A. THE ACQUISITION OF EVIDENCE OF CRIMINAL ACTIVITY

The District Attorney is the public prosecutor who is charged with attending the courts and within his discretion initiating and conducting on behalf

of the People of the State of California all prosecutions for public offenses. Cal. Govt. Code § 26500 (Lexis 2016). Every person who commits a public offense in the State of California is liable for punishment in this state. The jurisdiction for prosecution of public offenses is in the jurisdictional territory in which it is committed Cal. Penal Code § 777 (Lexis 2016).

The San Bernardino County District Attorney has a specific, unique and compelling interest in acquiring the evidence of criminal activity that may be contained on the Apple iPhone before the Court seized pursuant to a lawful search warrant from the Lexus vehicle.[1] The telephone is owned by the County of San Bernardino and was issued to one its employees, Sayed Farook to conduct county business

On December 2, 2015 Mr. Farook and at least one accomplice committed 14 counts of willful deliberate premeditated murder a violation of Cal. Penal Code §§ 187(a), 189 (Lexis 2016), with the special circumstances of multiple murder Cal. Penal Code § 190.2(3) (Lexis 2016) specifying a penalty of death or life imprisonment without the possibility of parole, and the commission of 22 counts of attempted murder in violation of Cal. Penal Code § 664/187 (Lexis 2016),. The murders were committed in furtherance of a conspiracy Cal. Penal Code § 182 (Lexis 2016).

At the time that the murders were being perpetrated at least two 911 calls to the San Bernardino Police Dispatch[2] center reported the involvement of three perpetrators. Although the reports of three individuals were not corroborated, and may ultimately be incorrect, the fact remains, that the information contained solely on the seized iPhone could provide evidence to identify as of yet unknown

---

[1] It should be noted that the California License Plate for the vehicle is incorrectly noted in the court caption. The correct license plate number, contained in the search warrant, is 5KGD203.

[2] A copy of the computerized dispatch center calls is attached as Exhibit A

co-conspirators who would be prosecuted for murder and attempted murder in San Bernardino County by the District Attorney.

The iPhone is a county owned telephone that may have connected to the San Bernardino County computer network. The seized IPhone may contain evidence that can only be found on the seized phone that it was used as a weapon to introduce a lying dormant cyber pathogen that endangers San Bernardino County's infrastructure, a violation of Cal. Penal Code §502 (Lexis 2016) and poses a continuing threat to the citizens of San Bernardino County.

B. PROTECTION AND ENFORCEMENT OF THE DUE PROCESS RIGHTS OF CALIFORNIA VICTIMS.

On behalf of his client, the People of the State of California, the District Attorney has a unique interest and is best qualified to demonstrate to the Court that Apple, Inc. is infringing on the due process rights guaranteed to victims of crime by the California Constitution and is impeding the enforcement of those rights.

The California Constitution guarantees victims of crimes committed in California a Victim's Bill of Rights Cal. Const. Art. I, §28. Included in that Bill of Rights is the expectation that those who commit felonies that injure victims will be thoroughly investigated and speedily be brought before the courts and tried in a timely manner. It also requires the good faith efforts and actions of elected and appointed officials to accomplish these goals. Cal. Const. Art. I, §28(a)(4). The victim's Bill of Rights also provides the right to "truth in evidence and that "all relevant evidence" be admissible in a criminal proceeding. Cal. Const. Art. I, §28(f)(2).

The People of the State of California, if permitted to file the attached amicus curiae brief, will assert that Apple, Inc. has created a repository of information that can be found only on the seized device before the Court. It will also assert that a search warrant has established that there is probable cause to

believe that the device contains relevant evidence. It will also assert that Apple has created in the device of their design a repository of possible relevant evidence which cannot be penetrated or accessed without their assistance. It will further assert that by failing to assist in the acquisition of this information, Apple is infringing on the victim's rights as provided by the California Constitution and that Apple is impeding the District Attorney's Constitutional obligation to investigate and prosecute crimes committed against these victims.

III

ARGUMENT

The Federal District Court has "broad discretion" to allow the filing of <u>amicus</u> curie briefs and it will only be overturned if there is an abuse of discretion. *Hoptowit v. Ray*, 682 F.2d 1237 (9th Cir. 1982), <u>abrogated on other grounds</u>, *Thomas v. Ponder*, 611 F.3d 1144, 1154 (9th Cir. 2010). "Generally, courts have exercised great liberality in permitting an <u>amicus curiae</u> to file a brief in a pending case.... There are no strict prerequisites that must be established prior to qualifying for amicus status; an individual seeking to appear as amicus must merely make a showing that his participation is useful to or otherwise desirable to the court". *In re Roxford Foods Litigation.*, 790 F. Supp. 987, 997 (E.D. Cal. 1991), citing *United States v. Louisiana*, 751 F.Supp. 608, 620 (E.D. La. 1990).

In addition to whatever interest the United States has in this Court's decision in whether Apple should be required to assist in the unlocking of the seized San Bernardino County iPhone the Court's decision will have a very real impact on San Bernardino County, and the victims of crimes committed in San Bernardino County. The District Attorney and our client, The People of the State of California believe that we can provide this prospective and our view of how Apple's activity and position impacts us. We believe that we can offer our

perspective to the court as to why the government's interest is compelling and outweighs any arguments of interests that Apple can or will advance in support of its position.

## CONCLUSION

For the above mentioned reasons, the San Bernardino County District Attorney, and our client, the People of the State of California, respectfully request that the Court grant the San Bernardino County District Attorney's Ex Parte Application, and allow him to participate as <u>Amicus Curiae</u> in support of the United States' application to compel Apple to assist in unlocking the seized iPhone before this Court. A proposed order is attached.

DATED: March 3, 2016

Respectfully Submitted,

MICHAEL A RAMOS
DISTRICT ATTORNEY
SAN BERNARDINO COUNTY

By: _/s/ Gary R. Fagan_
Gary R. Fagan
Chief Deputy District Attorney
San Bernardino County