1 | MICHAEL H. RUBIN, State Bar No. 214636
mrubin@wsgr.com
2 | STEPHEN N. GIKOW, State Bar No. 302484
sgikow@wsgr.com
3 | WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
4 | 1 Market Street
Spear Tower, Suite 3300
5 | San Francisco, CA 94107
Telephone: (415) 947-2000
6 | Facsimile: (415) 947-2099

7 | BRIAN M. WILLEN, *Pro Hac Vice* Admission Forthcoming
bwillen@wsgr.com
8 | WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
9 | 1301 Avenue of the Americas, 40th Floor
New York, NY 10019
10 | Telephone: (212) 999-5800
Facsimile: (212) 999-5899

Attorneys for *Amicus Curiae*
Center for Democracy & Technology

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF AN APPLE IPHONE SEIZED DURING THE EXECUTION OF A SEARCH WARRANT ON A BLACK LEXUS IS300, CALIFORNIA LICENSE PLATE 35KGD203. | ED No. CM 16-10 (SP) <br><br> **CENTER FOR DEMOCRACY & TECHNOLOGY'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE BRIEF AS *AMICUS CURIAE* IN SUPPORT OF APPLE INC.'S MOTION TO VACATE AND IN OPPOSITION TO GOVERNMENT'S MOTION TO COMPEL ASSISTANCE** <br><br> **Hearing:** <br> Date: March 22, 2016 <br> Time: 1:00 p.m. <br> Place: Courtroom 3 or 4 <br> Judge: Hon. Sheri Pym |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT the Center for Democracy & Technology respectfully requests leave to file the accompanying brief as *amicus curiae* in support of Apple Inc.'s Motion to Vacate Order Compelling Apple Inc. to Assist Agents in Search, and Opposition to Government's Motion to Compel Assistance. Both Apple Inc. ("Apple") and the government have consented to the filing of this motion.

"District courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved." *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005); *see generally Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982) (abrogated on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995)). This case has attracted extraordinary attention because the government's position has broad implications far beyond the particular device at issue here. Indeed, this Court invited *amici* to submit briefs, "along with an appropriate request seeking leave of the Court to file such brief." Scheduling Order of February 18, 2016, Dkt. 9.

The Center for Democracy & Technology ("CDT") seeks to file an *amicus curiae* brief in this case to urge the Court to confine the All Writs Act to the limited purpose for which it was intended and to make clear the government does not have the power to use the courts to conscript technology companies into the unauthorized service of law enforcement. A ruling allowing law enforcement to use the All Writs Act to force a private company to write new software for the purpose of overriding key security features of the company's own technology cannot be limited to Apple, the iPhone, or the particular circumstances of this case. Such a ruling will upend the relationship between consumers and device manufacturers and undermine the privacy interests and security protocols that underpin a safe and free Internet. Those concerns occasion CDT's *amicus curiae* brief.

CDT is a nonprofit advocacy organization that works to ensure that the human rights we enjoy in the physical world are realized online and that technology continues to serve as an empowering force for people worldwide. Integral to this work is CDT's representation of the public interest in the creation of an open, innovative, and decentralized Internet that promotes the constitutional and democratic values of free expression, privacy, and individual liberty.

CDT was formed in 1994 as part of civil society's efforts to push back against the backdoors mandated by the Communications Assistance for Law Enforcement Act ("CALEA"), a statute directly relevant to this case. More than 20 years later, the public conversation on these important issues continues, as technology rapidly expands into every portion of our lives. CDT is keenly aware of the consequences of allowing the government to force private companies to break the very security features they designed. CDT advocates for strong online privacy protections, which are essential to building the trust necessary for individuals to adopt new technologies and access the multitude of benefits of an increasingly interconnected world, while also maintaining privacy in their most personal communications, associations, interests, and activities.

As explained in the accompanying *amicus curiae* brief, this case squarely implicates these concerns. In demanding that Apple write a new version of its operating system so that the government can defeat its security measures, the government is seeking to apply the All Writs Act in a dangerous new way. If approved, the order at issue will create precedent that may be used to compel a wide range of technology providers to break their own products. Undermining trust in the products people use and the companies who make them will make a whole range of technologies less secure. CDT submits this brief to urge the Court to make clear that the government does not have the power to conscript technology companies into the service of law enforcement in the manner contemplated here.

CDT therefore asks the Court to give it leave to file the accompanying brief as *amicus curiae* in support of Apple's motion to vacate this Court's order compelling it to assist the government opposition to the government's motion to compel.

Dated: March 3, 2016

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: _____
Michael H. Rubin

Attorneys for *Amicus Curiae*
Center for Democracy & Technology