```
 1                 UNITED STATES DISTRICT COURT

 2         CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

 3            HONORABLE SHERI PYM, U.S. MAGISTRATE JUDGE

 4


 5    IN THE MATTER OF THE SEARCH    )   EDCM 16-10-SP
      OF AN APPLE IPHONE SEIZED DURING )
 6    THE EXECUTION OF A SEARCH      )
      WARRANT ON A BLACK LEXUS IS300, )
 7    CALIFORNIA LICENSE PLATE 35KGD203 )
                                      )
 8                                    )
                                      )
 9    _____)

10
                REPORTER'S TRANSCRIPT OF ORAL PROCEEDINGS
11                    MONDAY, MARCH 21, 2016
                           4:00 P.M.
12                    RIVERSIDE, CALIFORNIA

13

14

15

16

17

18

19

20

21

22
     _____
23          ADELE C. FRAZIER, CSR 9690, CRR, RMR
                FEDERAL OFFICIAL COURT REPORTER
24                   3470 TWELFTH STREET
                RIVERSIDE, CALIFORNIA 92501
25                ADELEFRAZIERCSR@GMAIL.COM
```

```
 1                    APPEARANCES OF COUNSEL:

 2


 3    FOR APPLICANT UNITED STATES OF AMERICA:

 4         EILEEN M. DECKER
           UNITED STATES ATTORNEY
 5         BY:  TRACY L. WILKISON
                PATRICIA DONAHUE
 6              Assistant United States Attorneys
           1500 United States Courthouse
 7         312 North Spring Street
           Los Angeles, California 90012
 8         Santa Monica, California 90405
           (Telephonic Appearances.)
 9

10    FOR APPLE, INC.:

11         GIBSON, DUNN & CRUTCHER
           BY:  THEODORE J. BOUTROUS, JR.
12              NICOLA T. HANNA
                ERIC D. VANDEVELDE
13         333 South Grand Avenue
           Los Angeles, California 90071-3197
14                 and
           ZWILLGEN, PLLC
15         BY:  MARC J. ZWILLINGER
           1900 M Street NW, Suite 250
16         Washington, D.C. 20036
           (Telephonic Appearances.)
17

18    Also Present Telephonically:

19         BRUCE SEWELL, Apple Inc.
           NOREEN KRALL, Apple, Inc.
20

21

22

23

24

25
```

**UNITED STATES DISTRICT COURT**

```
 1            RIVERSIDE, CALIFORNIA; MONDAY, MARCH 21, 2016
 2                              4:00 P.M.
 3            THE COURTROOM DEPUTY:  Calling 5:16-cm-00010-SP,
 4   United States of America vs. In the Matter of the Search of
 5   an Apple iPhone Seized During the Execution of a Search
 6   Warrant.  Counsel, please state your appearances for the
 7   record.
 8            MS. WILKISON:  Hi.  Good afternoon, your Honor.
 9   Tracy Wilkison and Patti Donahue on behalf of the United
10   States.
11            THE COURT:  Good afternoon.
12            MR. BOUTROUS:  Good afternoon, your Honor.  This is
13   Theodore Boutrous for Apple, and I'm joined by Nic Hanna,
14   Eric Vandevelde, Mark Zwillinger, Bruce Sewell, and Noreen
15   Krall.
16            THE COURT:  Good afternoon to all of you.  So I
17   have seen the ex parte application for a continuance filed by
18   the Government this afternoon and have read that.  And so, I
19   guess, let me ask first -- well, let me ask first I'd like to
20   hear from Apple if you know your position with respect to
21   this.
22            MR. BOUTROUS:  Thank you, your Honor.  This is
23   Theodore Boutrous.  We have had a chance now to think this
24   for about an hour, and we, obviously, defer to how the Court
25   would like to proceed.  We would not object to the hearing
```

| | |
|---|---|
| 1 | being postponed and moved because -- and we request that the |
| 2 | Court vacate the order that was entered ex parte. |
| 3 | If the Court will recall, in the order -- in the ex |
| 4 | parte application the Government represented that the |
| 5 | assistance sought could only be provided by Apple. And Agent |
| 6 | Pluhar's declaration at paragraph 4 said that -- testified |
| 7 | that he'd explored other means, and the Government had been |
| 8 | unable to identify any other methods feasible for gaining |
| 9 | access. So the order was based on good cause. And we, |
| 10 | respectfully, submit that there no longer is good cause. |
| 11 | And the order itself has been used by the |
| 12 | Government to suggest that Apple has been, you know, |
| 13 | basically, flouting a court order when we, respectfully, have |
| 14 | not. And so we would propose that the Court vacate the |
| 15 | order. And then if the Government, after it does additional |
| 16 | testing, wants to come back and refile -- I think there's a |
| 17 | way we wouldn't have to rebrief things. But there could be a |
| 18 | supplement declaration from Agent Pluhar. We could respond |
| 19 | to that, and then we could pick up where we left off. |
| 20 | But we, respectfully, request that the Court vacate |
| 21 | the order at this point based on this new information, which |
| 22 | nullifies the necessity argument and evidence that had been |
| 23 | relied on by the Government and that formed a predicate for |
| 24 | the order. |
| 25 | THE COURT: All right. Let me. |

1           MS. WILKISON: Your Honor, this is Tracy --
2           THE COURT: Yes. I was going to ask to hear from
3   you, Ms. Wilkinson.
4           MS. WILKISON: Thank you, your Honor. Sorry. Your
5   Honor, the Government's number one priority throughout this
6   entire investigation has always been to gain access into the
7   phone and we sought as a matter of necessity and not of
8   choice. That said, we have been working tirelessly during
9   this entire time to see if there's another way to do this,
10  but I don't think we're there yet. We only learned about
11  this possibility today, this morning, about this possibility
12  that Apple is not necessary. And we have a good faith basis
13  at this point in order to bring it up. There have been a lot
14  of people who have reached out to us during this litigation
15  with proposed alternate methods, and one by one they have
16  failed for one reason or the other. And we haven't, you
17  know,  -- there's just no reason to go into those.
18          But at this point we have, at least, a good faith
19  basis that it will work. The problem is we don't know for
20  sure. And while -- if it's validated, the Court could then
21  vacate the order. I think we are really premature to vacate
22  the Court's order at this point because there's also the
23  possibility that it will not work. I think we should just
24  give the experts the time that they need to test it and let
25  us report back to the court. But let's not -- I think it's

```
 1    premature to just vacate the order at this point.
 2              THE COURT:  Well, let me say -- and I'll hear
 3    further from counsel if you like -- I don't -- I mean, to
 4    some extent whether the order is vacated or not I think is --
 5    you know, I'm not sure how much of a practical difference
 6    that makes here because the order is effectively, sort of,
 7    held in limbo or stayed at this point pending this briefing.
 8    I certainly don't think, let me just comment, that Apple's
 9    been flouting the order.  The order, essentially -- it
10    isn't -- pending a final decision, there's not really -- it's
11    not in a stage that it could be enforced at this point.
12              So, you know, I'm not -- to some extent I'm not
13    sure how much difference it makes whether the order is
14    vacated at this point or not, because if it turns out, after
15    exploring this possibility, that the FBI believes it won't
16    work, you know, I would be inclined to go forward without
17    really -- and there might need to be some additional
18    briefing, supplemental submissions, with respect to this
19    effort, but I think the matter's been fully briefed.  So I
20    think it would be -- whether the order's vacated or not, I
21    think it would be effectively heard in the same fashion.
22              So that's where I'm -- I understand Apple's
23    position.  I'm not sure -- you know, at this point the
24    question of the necessity of Apple's assistance is still, it
25    seems to me, up in the air.  So I guess that's what I'm, sort
```

1  of, struggling with with this request is deciding whether it
2  either makes sense to vacate the order and, if I do, whether
3  that really makes a practical difference here at this
4  point.
5          MR. BOUTROUS: Your Honor, this is Mr. Boutrous
6  again. We appreciate that. And if the Court were to -- the
7  Court just, essentially, did make it clear -- somehow make
8  clear in an order that -- if the Court decides to postpone
9  the hearing, that the order is not enforceable, that it's
10 stayed, and that the necessity issue is up in the air, that
11 would serve, I think, great purposes.
12         And I can't exaggerate to you how -- the
13 perception, some of which I think has been reinforced by the
14 Government in their brief, that the company has been somehow
15 doing something wrong. In fact, they filed a motion to
16 compel, as the Court will remember. And so it is a serious
17 thing when a company is accused of that.
18         So if the Court could make that clear in whatever
19 order the Court issues regarding the hearing, that, I think,
20 would go a long way to addressing our concern. And then we
21 agree that if a supplemental declaration -- if the Government
22 decides they still need to go forward, and then we would, of
23 course -- and I guess a brief or something to explain why
24 they have a basis for lifting the stay. And then, obviously,
25 Apple would want the opportunity to make the supplemental

1  submission. And then if we have a hearing, this would, of
2  course, then be part of the evidentiary hearing that we would
3  have if we all get together at some point in the future.
4          THE COURT: All right. Ms. Wilkison, any response
5  to that?
6          MS. WILKISON: Well, only to say that the
7  Government has really only been interested in trying to get
8  into this phone and has done all of its filings and all of
9  its work here in an effort to get into this phone and not
10 saying anything nefarious about Apple. This is simply fair
11 litigation as we go forward in trying to sort this issue
12 through. And so because there is now a decent question about
13 the necessity of Apple's assistance, I think just vacating
14 the hearing, letting us explore it, and then we'll file a
15 status report as indicated in the order and we can go forward
16 from there.
17         MR. BOUTROUS: Your Honor, this is --
18         THE COURT: I'm sorry.
19         MR. BOUTROUS: Your Honor, if I could just add -- I
20 didn't mean to interrupt, but -- I respect Ms. Wilkison
21 greatly and the office greatly, but just on page 2 of their
22 reply and opposition brief they declare *Apple's rhetoric is*
23 *not only false, but is corrosive of the very instititions*
24 *that are best able to safeguard our liberty and our rights.*
25 It's those kind of statements that, if you are a company,

1    law-abiding, good corporate citizen, those kind of things in
2    a public record from the United States based on an order that
3    is now shown that one of the key components of the order, the
4    necessity prong, is up in the air, I would request that the
5    Court do something along the lines I suggested earlier.  It
6    would be greatly appreciated.
7             THE COURT:  All right.  Well, Mr. Boutrous --
8             MS. WILKISON:  Your Honor.
9             THE COURT:  Let me just say that this isn't -- I'm
10   not going to take sides here in terms of who is -- well, let
11   me just say that it seems to me that -- you know, a fair
12   amount of the -- the briefing in this case, as I mentioned
13   last week, has been excellent, but I think there's been
14   multiple audiences that have been considered in litigating
15   this case.  I understand there are public policy
16   considerations here and that's part of what's at stake.
17            That said, I am inclined to grant the Government's
18   request to, essentially, vacate the hearing date at this
19   point and allow it to file a status report.  But I will --
20   understanding Apple's position here that now that the
21   necessity element is up in the air, I would be inclined to
22   just include some language that, in effect, make clear that
23   at this point the order that was entered is unenforceable and
24   is stayed.
25            I, frankly, think it effectively has been

1   throughout, you know, the course of briefing here.  I can
2   make that clear.  I don't see any prejudice to the Government
3   in doing that, and I think that is an accurate statement of
4   where things stand.
5            MR. BOUTROUS:  Thank you very much, your Honor.
6            THE COURT:  But I'm happy to hear -- I know the
7   proposal here is that the Government file a status report by
8   April 5th.  Does that date make sense for both sides?
9            MR. BOUTROUS:  Your Honor, yes.  This is
10  Mr. Boutrous.  That makes sense.  Once we see the status
11  report, if we have thoughts about what we think the next step
12  should be, we can submit those, and then the Court could
13  decide what course to take.
14           THE COURT:  That's fine.  I mean, it may be if by
15  April 5th the parties are in agreement about something, you
16  can just submit that.  Again, if you'd like to set up a call
17  at any time about that, I'm happy to do that if that's
18  easier.
19           MS. WILKISON:  That's fine, your Honor.
20           MR. BOUTROUS:  Yes.  That's fine.  Thank you, your
21  Honor.
22           THE COURT:  All right.  So I'll order, essentially,
23  that a status report be filed by April 5th, but, again, that
24  can take various forms if it turns out that, for example, by
25  that date the FBI determines it doesn't need this order and

```
 1    the parties want to just submit something proposing a
 2    resolution.  Otherwise, the status report would be fine on
 3    April 5th.  And then -- and then we'll just go from there.
 4           MR. BOUTROUS:  Thank you, your Honor.
 5           MS. WILKISON:  Thank you.
 6           THE COURT:  All right.  Thank you all.  Is there
 7    anything else that we need to take up today, then?
 8           MS. WILKISON:  Not on behalf of the Government.
 9           MR. BOUTROUS:  Nothing from Apple.
10           THE COURT:  All right.  Thank you all.  I'll
11    issue -- I'll issue just a brief minute order, but you can
12    assume -- I mean, this is the order, that the hearing
13    tomorrow will be vacated.  So, hopefully, the word would get
14    out as we were expecting a few people to show up for that.
15           MR. BOUTROUS:  I have a feeling it will.
16           THE COURT:  All right.  Thank you all.
17           MR. BOUTROUS:  Thank you, your Honor.
18           MS. WILKISON:  Thank you, your Honor.
19                  (Proceedings Concluded.)
20
21
22
23
24
25
```

```
 1               CERTIFICATE OF OFFICIAL REPORTER
 2
 3
 4         I, ADELE C. FRAZIER, FEDERAL OFFICIAL REALTIME
 5   COURT REPORTER, IN AND FOR THE UNTIED STATES DISTRICT COURT
 6   FOR THE CENTRAL DISTRICT OF CALIFORNIA, DO HEREBY CERTIFY
 7   THAT PURSUANT TO SECTION 753, TITLE 28, UNITED STATES CODE
 8   THAT THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF THE
 9   STENOGRAPHICALLY REPORTED PROCEEDINGS HELD IN THE
10   ABOVE-ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS
11   IN CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL
12   CONFERENCE OF THE UNITED STATES.
13
14                      DATED THIS 22nd DAY OF MARCH, 2016
15
16
17
18                      /S/ ADELE C. FRAZIER
19                      _____
20                      ADELE C. FRAZIER, CSR No. 9690, CRR, RMR
21                      FEDERAL OFFICIAL COURT REPORTER
22
23
24
25
```

**UNITED STATES DISTRICT COURT**